UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TYLER LYTLE, ) | |
|   Plaintiff, ) | |
| ) | |
| vs. ) | No. 19-4209 |
| ) | |
| DAVID CLAGUE, et.al., ) | |
|   Defendants ) | |

MERIT REVIEW ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff, a pro se prisoner, claims his constitutional rights were violated at the Knox County Jail by Sheriff David Clague, Administrator Louis Glossip, Brad Abernathy, Advanced Correctional Healthcare, Tracy Burgard, an Unknown Kitchen Supervisor, and an Unknown Nurse.

Plaintiff says on October 10, 2019, the jail served dinner trays with extremely undercooked meat and beans. Plaintiff became "severely ill" after eating the dinner. (Comp., p. 7). Plaintiff believes he had "mild food poisoning" because he suffered with diarrhea, vomiting, and painful stomach cramps for days. (Comp., p. 7).

1

Plaintiff wrote a grievance informing Defendant Jail Administrator Glossip and Defendant Abernathy that jail food was often served undercooked.

Plaintiff also submitted a sick call request and Nurse Jane Doe instructed Plaintiff to drink fluids until he was able to eat. The Nurse also mentioned approximately six other inmates had similar symptoms. Nurse Jane Doe further stated she would check with Nurse Burgard to see if there was any other medication which should be prescribed. Plaintiff never heard back from any medical provider.

On October 13, 2019, Plaintiff returned to the dining hall for lunch, but inmates were served the same undercooked meal. Officers told inmates if they were hungry enough, they would eat it. Plaintiff says he skipped lunch and was forced to "go hungry until dinner." (Comp., p. 9). Plaintiff is now requesting at least a million dollars in damages based on Defendants actions.

There are several problems with Plaintiff's complaint. First, Plaintiff is required to complete the jail's grievance procedure before filing a complaint in federal court. *See* 42 U.S.C. §1997e(a). While failure to exhaust is an affirmative defense, a court may still dismiss a complaint if it is clear from the pleading that the defense applies. *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002); *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002). The defense must be both apparent and unmistakable from the face of the complaint. *Walker*, 288 F.3d at 1010.

The Court appreciates most jails have accelerated grievance procedures, and Plaintiff has checked the boxes on his complaint form indicating the grievance procedure is completed. (Comp., p. 8). However, Plaintiff alleges he was served

undercooked food on October 10, 2019 and again on October 13, 2019. The Court received Plaintiff's complaint on October 17, 2019, but it appears Plaintiff gave his complaint to jail staff on October 13, 2019. (Comp, p. 11). It is very doubtful Plaintiff could have filed a grievance, received a response, appealed the grievance, and received a response to his appeal within this time frame.

Second, Plaintiff has not articulated a constitutional violation based on his hunch that he suffered food poisoning as a result of one meal served on October 10, 2019. *See McRoy v. Aramark Correctional Servs., Inc.*, 268 Fed.Appx. 479 (7th Cir. 2008) (no deliberate indifference where pretrial detainee was served undercooked chicken on one occasion, sour milk on six occasions, and spoiled sandwich meat on three occasions, where inmate was offered replacement items when available, and no further incidents occurred); *Franklin v. True*, 76 F.3d 381 (7th Cir. 1996) (unpublished opinion) (concluding that one instance of food poisoning is insufficient to state conditions-of-confinement claim); *Becerra v. Kramer*, 2017 WL 85447, at *5 (N.D.Ill. Jan. 10, 2017)(plaintiff was pretrial detainee, but "a single, isolated incident of food poisoning, even if suffered by many prisoners at an institution, does not rise to the level of a constitutional violation); *Becker v. Dart*, 2015 WL 5084728, at *3 (N.D.Ill. Aug. 26, 2015)("[p]laintiff's allegations show (at best) that he suffered from a single, isolated instance of food poisoning or similar condition, which is insufficient to support a claim that jail officials violated his constitutional rights.").

Third, Plaintiff has not articulated a constitutional violation based on his allegation that he went without lunch on one occasion. *See Reed v. McBride*, 178 F.3d 849,

3

853 (7th Cir. 1999)(withholding of food is not a *per se* constitutional violation, "instead, a court must assess the amount and duration of the deprivation."); *Talib v. Gilley,* 138 F.3d 211, 214 n. 3 (5th Cir.1998) (denial of one out of every nine meals is not a constitutional violation); *Frohwerk v. Correctional Medical Services*, 2009 WL 2840961, at *4 (N.D.Ind. Sept. 1, 2009)("[m]issing a single meal on two separate occasions is a *de minimis* injury" which does not violate the Eighth Amendment); *Craft v. Mann,* 265 F.Supp.2d 970, 972 (N.D. Ind. May 21, 2003) ("[d]enial of full nutritious meals for two days is insufficient to violate the Eighth Amendment's prohibition against cruel and unusual punishments.").

Fourth, Plaintiff has failed to mention the involvement of Advanced Correctional Healthcare in the body of his complaint, and he has failed to articulate an official capacity claim. *See Potter v Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also Woodward v Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004).

Plaintiff does allege he did not receive any medical care for his symptoms. It is unclear if Plaintiff was a pretrial detainee at the time of his allegations, or if he had already been convicted of a crime. Either way, Plaintiff must first allege he suffered from a serious medical condition. *See Greeno v. Daley*, 414 F3d 645, 653 (7th Cir. 2005). If the Court then assumes Plaintiff was a pretrial detainee, he must also allege Defendants "purposefully, knowingly, or perhaps even recklessly" disregarded a serious risk to Plaintiff's health and safety when treating his condition. *McCann v. Ogle County, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018). Negligence or even gross negligence is not enough. *Id.*

4

It is unclear if Plaintiff will be able to demonstrate a constitutional violation. Plaintiff does not allege he was diagnosed with food poisoning, so he will have to demonstrate his symptoms rose to the level of a constitutional violation. In addition, Plaintiff says he ate the undercooked meal on October 10, 2019, but he does not indicate when his symptoms began or when he asked to see the nurse. Plaintiff also admits he was back in the dining hall and ready to eat lunch on October 13, 2019. Finally, it is unclear what specific medical care could have been provided to Plaintiff for "mild food poisoning." (Comp., p. 7). Nonetheless, Plaintiff alleges he suffered with severe stomach cramps as well as severe vomiting, and severe diarrhea "for days" without medical care. (Comp., p. 7). Therefore, Plaintiff has articulated a claim for the purpose of notice pleading.

However, the Court notes the focus of Plaintiff's complaint was the quality of food received at the jail. Therefore, the only grievance mentioned in the complaint dealt with undercooked food, not a denial of medical care. Furthermore, as the Court has already noted, it is very doubtful Plaintiff had time to complete the grievance process for this claim since his complaint is dated October 13, 2019.

If Plaintiff does not believe he completed the grievance process for his claim involving medical care before he filed his complaint, he may file a motion to voluntarily dismiss within 21 days of this order or on or before February 14, 2020. The Court will then dismiss his case without prejudice and will not require any additional payment toward the filing fee.

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Defendant Nurse Tracy Burgard and Nurse Jane Doe violated his constitutional rights when they denied medical care for his medical condition in October of 2019. The claim is stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

9) Plaintiff is ultimately responsible for providing the correct name of each Jane Doe Defendant through the discovery process. Failure to identify Doe Defendants may result in their dismissal from this case.

**10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

**11) If Plaintiff does not believe he has exhausted his administrative remedies for his surviving claim, he may file a motion to voluntarily dismiss within 21 days of this order or on or before February 14, 2020 and the Court will dismiss this case and will waive any further payment toward the filing fee.**

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendants Clague, Glossip, Abernathy, Advanced Correctional Healthcare, and Unknown Kitchen Supervisor for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Attempt service on Defendants pursuant to the standard procedures; 3) Set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines; and 4) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 24th day of January, 2020.

                              s/ James E. Shadid
                    _____
                              JAMES E. SHADID
                      UNITED STATES DISTRICT JUDGE